| | |
|---|---|
| **ERIE INSURANCE COMPANY** | : IN THE |
| **a/s/o KEVIN KNARR** | : |
| 100 Erie Insurance Plaza | : CIRCUIT COURT |
| Erie, PA 15601 | : |
| | : FOR |
| **Plaintiff,** | : |
| | : ANNE ARUNDEL COUNTY |
| vs. | : |
| | : |
| **VISTA OUTDOOR, INC. and/or VISTA** | : CASE NO.: _____ |
| **OUTDOOR SALES LLC d/b/a** | : |
| **FORESIGHT SPORTS** | : |
| 9955 Black Mountain Road | : |
| San Diego, CA 92126 | : |
| | : |
| **Defendant.** | : |
| | : |
| Serve on: | : |
| | : |
| The Corporate Trust Center | : |
| 1209 Orange Street | : |
| Wilmington, DE 19801 | : |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff, Erie Insurance Company a/s/o Kevin Knarr, by and through its undersigned attorney, hereby files this Complaint and Demand for Jury Trial against Defendant, Vista Outdoor, Inc. and/or Vista Outdoor Sales LLC d/b/a Foresight Sports, for causes of action as follows:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff, Erie Insurance Company a/s/o Kevin Knarr (hereinafter "Erie" or "Plaintiff"), is a corporation which issues policies of insurance in the State of Maryland with offices at the above stated address.

2.      At all times relevant hereto, Kevin Knarr (hereinafter "Insured") was the owner of real and personal property located at 1271 Steele Ridge Drive, Edgewater, MD 21037 in Anne Arundel County, Maryland and was insured by Erie.

3.      Defendant, Vista Outdoor, Inc. and/or Vista Outdoor Sales LLC d/b/a Foresight Sports (hereinafter "Foresight"), is a corporation, limited liability company or other business entity with its principal place of business at 9955 Black Mountain Road, San Diego, CA 92126.

4.      Defendant regularly and systematically conducts business in the State of Maryland.

5.      The events which are subject to this action occurred at 1271 Steele Ridge Drive, Edgewater, MD 21037 (hereinafter "the premises") located in Anne Arundel County, MD.

6.      Jurisdiction and venue are proper.

## FACTS COMMON TO ALL COUNTS

7.      At all times relevant hereto, Foresight did design, manufacture, assemble, distribute and/or sell a golf simulator/launch monitor (hereinafter referred to as the "GC Quad") which was located inside of the property owned by Plaintiff's Insured at 1271 Steele Ridge Drive, Edgewater, MD 21037.

8.      At all times relevant hereto, Defendant acted by and through its employees, agents and servants each of whom was acting within the scope of his or her authority, subject to the control and direction and for the benefit of his or her principal and employer, the Defendant herein.

9.      On or about July 10, 2021, a fire originated inside of the property owned by Plaintiff's Insured at 1271 Steele Ridge Drive, Edgewater, MD and was caused by a defect, malfunction and/or failure of the aforesaid GC Quad.

10.     As a result of said fire and damages, Plaintiff's Insured made a claim with Plaintiff under the relevant policies of insurance for damages sustained in the fire.

11.     Erie paid approximately $331,642.03 to its Insured for the damages caused by Defendant.

12.     As a result of said payments and pursuant to the relevant policies of insurance and laws of the State of Maryland, Erie became subrogated to any and all claims its Insured had for the damages reimbursed by Erie.

## COUNT I – STRICT LIABILITY

13.     Plaintiff incorporates by reference paragraphs 1 through 12 as though each and every allegation was set forth at length herein.

14.     Defendant Foresight did design, assemble, manufacture, sell and/or distribute the GC Quad which was installed inside the premises and which was in substantially the same condition at the time of the fire as it was when it was designed, manufactured, assembled, distributed, sold and/or placed in the stream of commerce by Defendant.

15.     At all times relevant hereto, Defendant was in the business of designing, manufacturing, assembling, distributing and/or selling golf simulators in the State of Maryland.

16.     At the time the GC Quad was distributed, sold and/or placed into the stream of commerce by the Defendant, it was in a defective condition, unreasonably dangerous to the ultimate user or consumer and/or his property including Plaintiff's Insured herein.

17.     The defects present at the time the GC Quad was sold, distributed or placed into the stream of commerce include, but are not limited to:

   a.  The GC Quad and its component parts presented an unreasonably dangerous risk that it would cause a fire while in use;

   b.  The materials and the design of the GC Quad's battery packs/cells  were insufficient or inadequate to prevent it from causing a fire while charging and/or in use;

c. The GC Quad's battery packs/cells were prone to overcharge and/or overheat and burn and/or ignite and catch fire;

d. The design of the GC Quad's battery packs/cells failed to provide sufficient airflow or reduced convective cooling;

e. Failing to design and incorporate safety features to prevent the battery packs/cells from malfunctioning, overheating and causing a fire;

f. Failing to incorporate features to prevent the battery packs/cells from malfunctioning, overheating and causing a fire;

g. The battery packs/cells presented an unreasonably dangerous risk of fire;

h. Using materials for the battery packs/cells and its components which were not sufficiently flame resistant;

i. The battery packs/cells lacked safety features to ensure that a failure of the lithium ion battery packs/cells would not cause it to catch fire;

j. Using battery packs/cells for the GC Quad which had poor cell electrochemical design;

k. The battery packs/cells contained manufacturing and/or assembly defects which made it malfunction and catch fire;

l. The battery packs/cells were unsafe for its intended and foreseeable uses;

m. The materials and design of the battery packs/cells created an unreasonably dangerous risk of fire;

n. Failing to incorporate sidewalls to the battery packs/cells that would not easily rupture;

o. Failing to design and incorporate internal protective devices for the battery packs/cells that would have isolated internal failures before ignition/propagation;

p. Using materials and/or chemicals in the battery packs/cells that were unstable, highly flammable and could explode and/or spontaneously combust; and

q. Carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous.

18. At the time of the fire, the GC Quad was in substantially the same condition as it was at the time it was designed, assembled, manufactured, distributed and/or sold by Defendant.

19. By designing, manufacturing, assembling, distributing and/or selling an GC Quad in a defective condition, unreasonably dangerous to the ultimate user or consumer or his property, including Plaintiff's insured herein, Defendant is strictly liable for the damages sustained by Plaintiff's insured.

20. The fire and Plaintiff's insured's damages were proximately caused by the aforementioned defective and unreasonably dangerous conditions.

**WHEREFORE,** Plaintiff, Erie Insurance Company a/s/o Kevin Knarr, demands judgment in its favor and against Defendant, Vista Outdoor, Inc. and/or Vista Outdoor Sales LLC d/b/a Foresight Sports, in the amount of $331,642.03 plus interest, costs, attorney's fees and any other relief this Court may deem just and proper.

## COUNT II – NEGLIGENCE

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though each and every allegation was set forth at length herein.

22. As the designer, manufacturer, assembler, distributer and/or seller of the GC Quad owed a duty to Plaintiff's insured to design, manufacture, assemble, distribute and/or sell a product that was safe and would not cause a fire.

23. Defendant breached its duty in the following particulars:

   a. The GC Quad and its component parts presented an unreasonably dangerous risk that it would cause a fire while in use;

   b. The materials and the design of the GC Quad's battery packs/cells were insufficient or inadequate to prevent it from causing a fire while charging and/or in use;

c. The GC Quad's battery packs/cells were prone to overcharge and/or overheat and burn and/or ignite and catch fire;

d. The design of the GC Quad's battery packs/cells failed to provide sufficient airflow or reduced convective cooling;

e. Failing to design and incorporate safety features to prevent the battery packs/cells from malfunctioning, overheating and causing a fire;

f. Failing to incorporate features to prevent the battery packs/cells from malfunctioning, overheating and causing a fire;

g. The battery packs/cells presented an unreasonably dangerous risk of fire;

h. Using materials for the battery packs/cells and its components which were not sufficiently flame resistant;

i. The battery packs/cells lacked safety features to ensure that a failure of the lithium ion battery packs/cells would not cause it to catch fire;

j. Using battery packs/cells for the GC Quad which had poor cell electrochemical design;

k. The battery packs/cells contained manufacturing and/or assembly defects which made it malfunction and catch fire;

l. The battery packs/cells were unsafe for its intended and foreseeable uses;

m. The materials and design of the battery packs/cells created an unreasonably dangerous risk of fire;

n. Failing to incorporate sidewalls to the battery packs/cells that would not easily rupture;

o. Failing to design and incorporate internal protective devices for the battery packs/cells that would have isolated internal failures before ignition/propagation;

p. Using materials and/or chemicals in the battery packs/cells that were unstable, highly flammable and could explode and/or spontaneously combust; and

q. Carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous.

24.     As a result of Defendant's breach of its duties, the GC Quad catastrophically failed and caused a fire which damaged Plaintiff's insured's property.

**WHEREFORE,** Plaintiff, Erie Insurance Company a/s/o Kevin Knarr, demands judgment in its favor and against Defendant, Vista Outdoor, Inc. and/or Vista Outdoor Sales LLC d/b/a Foresight Sports, in the amount of $331,642.03 plus interest, costs, attorney's fees and any other relief this Court may deem just and proper.

### COUNT III - BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

25.     Plaintiff incorporates by reference paragraphs 1 through 24 as though each and every allegation was set forth at length herein.

26.     Defendant, Foresight, knew or had reason to know of the intended use of the GC Quad and its component parts and impliedly warranted said GC Quad and its component parts were fit for use by the consumer and that the fan was not defective, that it was of merchantable quality, free from defects in design and manufacture, and was fit for use as a ceiling mounted bathroom GC Quad.

27.     The GC Quad designed, manufactured, sold and/or distributed by Defendant was defective and unsafe for its intended use and purpose.

28.     Defendant breached the implied warranty of merchantability by selling an GC Quad which was defective and unreasonably dangerous and was reasonably likely to malfunction and cause a fire making the GC Quad not merchantable for its ordinary and intended purpose in violation of MD Code, Commercial Law, §2-314.

29.     As a result of said breach of the implied warranty of merchantability, the GC Quad caused a fire which ignited adjacent combustible materials resulting in damages to Plaintiff's insured's property.

30.     At the time the sale and/or distribution of the GC Quad, Defendant knew the fan would be used by consumers and that consumers would be relying on Defendant to provide an GC Quad that could be safely operated and not cause a fire.

31.     By designing, manufacturing, and/or selling an GC Quad that presented an unreasonably dangerous risk of fire, Defendant breached the implied warranty of fitness for a particular purpose imposed by MD Code, Commercial Law, §2-315 and caused the damages alleged herein.

**WHEREFORE,** Plaintiff, Erie Insurance Company a/s/o Kevin Knarr, demands judgment in its favor and against Defendant, Vista Outdoor, Inc. and/or Vista Outdoor Sales LLC d/b/a Foresight Sports, in the amount of $331,642.03 plus interest, costs, attorney's fees and any other relief this Court may deem just and proper.

/s/ WFA
WILLIAM F. ALCARESE, JR. (AIS: 1012140014)
Alcarese Law, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
T: 410-299-8605
F: 410-583-4706
bill@lawwfa.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Md. Rule 2-325(a), Plaintiff, Erie Insurance Company a/s/o Kevin Knarr,

hereby demands a jury trial.

/s/ WFA
WILLIAM F. ALCARESE, JR. (AIS: 1012140014)
Alcarese Law, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
T: 410-299-8605
F: 410-583-4706
bill@lawwfa.com
Attorney for Plaintiff