IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIE INSURANCE COMPANY a/s/o** | : | |
| **KEVIN KNARR** | : | |
| | : | |
| | : | **NO.  1:22−cv−01783−MJM** |
| **v.** | : | |
| | : | |
| | : | |
| **WAWGD, INC. d/b/a FORESIGHT** | : | |
| **SPORTS** | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, WAWGD, INC. d/b/a Foresight Sports ("WAWGD" or "Defendant"), by counsel, submits the following Answer and Affirmative Defenses to the Complaint filed by Erie Insurance Company a/s/o Kevin Knarr ("Plaintiff" or "Knarr") (ECF No. 4). Unless otherwise admitted, qualified, or explained herein, WAWGD denies each and every allegation contained in the Complaint.  WAWGD respond to the allegations in the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.  Consequently, these allegations are effectively denied by operation of Fed. R. Civ. P. 8(b)(5).

2.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.  Consequently, the allegations are effectively denied by operation of Fed. R. Civ. P. 8(b)(5).

1

3.      Defendant denies the allegations set forth in this Paragraph.  Subject to the allegations contained in the Parties' Consent Stipulation to Amend Caption (ECF No. 29), Defendant admits that WAWGD, Inc. is a California Corporation.

4.      Defendant denies the allegations set forth in this Paragraph but does not contest that jurisdiction and venue are proper in this Court.

5.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.  Consequently, the allegations are effectively denied by operation of Fed. R. Civ. P. 8(b)(5).

6.      The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that jurisdiction and venue are proper in this Court for the reasons stated in its Notice of Removal (ECF No. 1).

## FACTS COMMON TO ALL COUNTS

7.      Defendant admits that it manufactures and sells a golf launch monitor called the CGQuad.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegation in this Paragraph.  Consequently, the remainder of the allegations are effectively denied by operation of Fed. R. Civ. P. 8(b)(5).

8.      The allegations in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

9.      Defendant denies the allegations set forth in this Paragraph.

10.      Defendant denies the allegations set forth in this Paragraph.

11.    Defendant denies the allegations set forth in this Paragraph.

12.    Defendant denies the allegations set forth in this Paragraph.

## COUNT I – STRICT LIABILITY

13.    Defendant incorporates by reference its responses to Paragraphs 1 through 12 as though each and every allegation was set forth at length herein.

14.    Defendant admits that it manufactures and sells a golf launch monitor called the CGQuad.  Defendant denies the remainder of the allegations set forth in this Paragraph.

15.    Defendant admits only that it manufactures and sells a golf launch monitor called the GCQuad.  Defendant denies the remaining allegations set forth in this Paragraph.

16.    Defendant denies the allegations set forth in this Paragraph.

17.    Defendant denies the allegations set forth in this Paragraph.

18.    Defendant denies the allegations set forth in this Paragraph.

19.    Defendant denies the allegations set forth in this Paragraph.

20.    Defendant denies the allegations set forth in this Paragraph.  Defendant further denies that Plaintiff is entitled to judgment in its favor, as requested in the WHEREFORE clause following Paragraph 20.

## COUNT II - NEGLIGENCE

21.    Defendant incorporates by reference its responses to Paragraphs 1 through 20 as though each and every allegation was set forth at length herein.

22.     The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

23.     Defendant denies the allegations set forth in this Paragraph.

24.     Defendant denies the allegations set forth in this Paragraph.  Defendant further denies that Plaintiff is entitled to judgment in its favor, as requested in the WHEREFORE clause following Paragraph 24.

## COUNT III – BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

25.     Defendant incorporates by reference its responses to Paragraphs 1 through 24 as though each and every allegation was set forth at length herein.

26.     Defendant denies the allegations set forth in this Paragraph.

27.     Defendant denies the allegations set forth in this Paragraph.

28.     Defendant denies the allegations set forth in this Paragraph.

29.     Defendant denies the allegations set forth in this Paragraph.

30.     Defendant denies the allegations set forth in this Paragraph.

31.     Defendant denies the allegations set forth in this Paragraph.  Defendant further denies that Plaintiff is entitled to judgment in its favor, as requested in the WHEREFORE clause following Paragraph 31.

32.     All allegations in the Complaint not expressly admitted are hereby denied, including any allegations in the WHEREFORE clauses.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the procedural burden of proof that may properly apply to the Plaintiff in connection with the below affirmative and other defenses, Defendant asserts

4

the following affirmative and other defenses, which include, but are not limited to, the following:

**FIRST AFFIRMATIVE DEFENSE**

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      Plaintiff's claims may be barred by the doctrine of laches, estoppel, waiver, unclean hands, or contributory negligence.

**THIRD AFFIRMATIVE DEFENSE**

3.      At the time of the original manufacture and sale, the GCQuad in question did not contain any defects, non-conformities, or other conditions which caused the damages alleged by the Plaintiff. This product departed the control of the Defendant equipped with all elements necessary to make it safe and containing no elements making it unsafe and was properly equipped with all necessary warnings and instructions for correct and safe use, operation, and maintenance.

**FOURTH AFFIRMATIVE DEFENSE**

4.      At all times material to this litigation, Defendant acted in a careful, proper, safe, and reasonably prudent manner under the circumstances and in accordance with all applicable standards of care.

**FIFTH AFFIRMATIVE DEFENSE**

5.      If Plaintiff suffered any of the damages alleged in the Complaint, which Defendant expressly and categorically denies, then all such damages were caused directly

5

and proximately by persons or parties other than Defendant, without any actionable wrongdoing by Defendant thereto contributing.

**SIXTH AFFIRMATIVE DEFENSE**

6.      If Plaintiff suffered any of the damages alleged in the Complaint, which Defendant expressly and categorically denies, then all such damages were caused directly and proximately by Plaintiff, without any actionable wrongdoing by Defendant thereto contributing.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      If Plaintiff suffered any of the damages alleged in the Complaint, which Defendant expressly and categorically denies, Plaintiff failed to mitigate damages as required by law.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      To the extent discovery may establish that the product conditions alleged in the Complaint and Plaintiff's damages were solely, directly, or proximately caused by third parties over whom Defendant has no control or duty to control, and for whom Defendant has no responsibility, Defendant is not liable to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

9.      To the extent that Defendant is found to have any liability to Plaintiff, which Defendant expressly and categorically denies, Defendant is entitled to contribution and/or indemnity from other yet-to-be identified defendants and/or third parties.

**TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiff knowingly and intentionally assumed any and all risks inherent in this product, barring his claims in full.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Any damages sustained by Plaintiff may have been the result of intervening and superseding causes which were not within Defendant's control.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Some or all of Plaintiff's claims may be barred and/or limited by the terms of the limited warranty and disclaimers in effect at the time of sale.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     At all times material to this litigation, Defendant's product complied with and adhered to any and all applicable local, state and/or federal codes, regulations, laws, rules and/or standards and state of the art.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Facts may come to light supporting other defenses and affirmative defenses allowed for under the applicable rules of Civil Procedure, the laws of the State of Maryland, and/or otherwise in law or equity now existing, and Defendant reserves the right to raise such defenses and affirmative defenses in an amended answer or other appropriate format.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The claims asserted against WAWGD in this litigation are barred and/or preempted by the applicable standards, codes, rules and/or regulations promulgated by the applicable federal and/or state entities, bodies, and/or agencies governing and/or controlling the design, production, inspection, testing, assembly, sale and/or labeling of such products.

WHEREFORE, Defendant WAWGD, Inc. d/b/a Foresight Sports, having answered each of the Counts and Causes of Action asserted against it in this case, requests that judgment be entered in its favor as to each claim asserted in this case, that the Court dismiss the Complaint and grant the Defendant such other and further relief as is just and proper.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esquire (No. 27699)
NILES, BARTON & WILMER, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21201
T: (410) 783-6432
F: (410) 783-6483
jsdunbar@nilesbarton.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I CERTIFY that on this ___23rd___ day of September 2022, a copy of Defendant's Answer to Plaintiff's Complaint was filed and served via the court's CM/ECF system to the following:

| | |
|---|---|
| William F. Alcarese, Jr., Esquire | Robert Smolen, Esquire (pro hac vice) |
| Alcarese Law, LLC | GAUL & ASSOCIATES, P.C. |
| 1301 York Road, Suite 200 | 1650 Arch Street, Suite 1903 |
| Lutherville, MD 21093 | Philadelphia, PA 19103 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

*/s/ Justin S. Dunbar*
Justin S. Dunbar, Esquire (No. 27699)